## DARROW v. UNITED STATES.
### No. 6674.

Circuit Court of Appeals, Ninth Circuit.
Aug. 29, 1932.

F. E. Flynn, W. E. Patterson, and Norris, Flynn & Patterson, all of Prescott, Ariz., for appellant.

John C. Gung'l, U. S. Atty., and Norman S. Hull, Asst. U. S. Atty., both of Tucson, Ariz., William Wolff Smith, Sp. Counsel, Veterans' Administration, and C. L. Dawson, Atty., Veterans' Administration, both of Washington, D. C., and George E. Wood, Asst. U. S. Atty., of Phœnix, Ariz., and Richard A. Toomey, Ins. Atty., Veterans' Administration of Denver, Colo.

Before WILBUR and SAWTELLE, Circuit Judges, and ST. SURE, District Judge.

SAWTELLE, Circuit Judge.

This was a suit on a policy of war risk insurance. Plaintiff, Frank Tarp, enlisted in the military service of the United States

in April, 1918, and was honorably discharged in March, 1919. His policy of war risk insurance was in effect until the time of his discharge, when it lapsed for nonpayment of premiums, but remained in force until the termination of the grace period, May 2, 1919. Before this appeal was perfected, plaintiff died, and, upon motion made at the hearing in this court, appellant was substituted as the proper party. At the conclusion of plaintiff's case, the court granted a motion for a directed verdict in favor of the government, and the ruling is assigned as error here.

The complaint alleged that, while in the service, plaintiff contracted numerous colds, grip, and other congestions of the lungs, and that as a result thereof he contracted pulmonary tuberculosis and tuberculosis of the throat; that at the time of his discharge plaintiff was, and ever since has been, and now is, as a result of such disease, unable to continuously follow any substantially gainful occupation; and that this condition of total and permanent disability is reasonably certain to continue throughout his life.

At a call of the calendar of the court below, on July 6, 1931, the cause was set for trial on September 2, 1931. On August 29, 1931, plaintiff presented a motion for a continuance of the cause until the succeeding term of court, in order to enable him to secure the testimony by deposition of an absent nonresident witness, one Dr. Alfred S. Baily, of Chicago, Ill. The motion was denied and exception noted, and the ruling is here challenged. The motion for continuance sets forth that the said Dr. Baily is a material witness for the plaintiff in the cause, and that his testimony is material; that the cause of action is for insurance on account of total and permanent disability of the plaintiff; that the said Dr. Baily examined plaintiff in August, 1919, shortly after plaintiff was discharged from the United States Army, and again examined him the latter part of 1921, or early in 1922; "that if the said Doctor Alfred S. Baily were present at the said trial he would testify that he knew the plaintiff since August, 1919, and that at that time plaintiff was suffering from chronic laryngitis and bronchitis, and that since August, 1919, said plaintiff has been compelled to re-frain from working days and weeks at a time due to his physical condition; that said witness examined the said plaintiff the latter part of 1921 or the first part of 1922, and that the laryngitis with which plaintiff was suffering had been progressively getting worse, and in March, 1922, in the opinion of the witness, the plaintiff was suffering from tubercular laryngitis and pulmonary tuberculosis;" that plaintiff was not able to secure the address of said Dr. Baily in time to secure his deposition and have it at the trial on September 2, 1931; that at the time the cause was set for trial neither plaintiff nor his attorney knew the address of said witness and did not at that time know that they would be unable to locate him so as to secure his evidence in the case; that the application was not made for delay, but that justice might be done; and that plaintiff could not safely go to trial without such testimony. This motion for continuance was supported by an affidavit of plaintiff setting forth substantially the allegations of the motion, and further alleging that he expected to prove by the witness the facts so recited in the motion and that said witness would testify that, in his opinion, plaintiff was suffering from tubercular laryngitis and pulmonary tuberculosis in March, 1922, and that plaintiff had no other medical testimony covering the same facts.

It is apparent from an examination of the record containing the testimony adduced at the trial that the testimony of this Dr. Baily was not only material to the issues involved but absolutely essential to enable plaintiff to maintain his cause of action; and apparently by reason of the absence of such vital testimony the court felt constrained to entertain the motion of the government for a directed verdict against plaintiff.

Although, perhaps, the motion for continuance was not made as seasonably as it should have been, we think that, under all the facts disclosed by the bill of exceptions, it was error for the court to refuse to grant a continuance; and for this reason the cause is reversed, with instructions to grant a new trial, and thus enable plaintiff to secure the personal attendance of the witness at the trial, or his deposition.

Judgment reversed.